UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION, Warden,<br><br>Respondent. | Case No. 2:19-cv-03282-AB-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

## I.
## BACKGROUND

On April 14, 2019, Petitioner Michael Anthony Todd ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges the withdrawal of restitution funds from his prison trust account on the following two grounds: (1) the California Department of Corrections and Rehabilitation ("CDCR") cannot continue to withdraw restitution funds pursuant to his criminal sentence because Petitioner already paid restitution to the victim's family pursuant to the settlement entered in a civil wrongful death lawsuit (id. at 2-3); and (2) Petitioner is suffering unconstitutional retroactive punishment because

1

California law has recently changed to allow the withdrawal of restitution funds without the submission of a victim application for restitution. (Id. at 3-4.)

Pursuant to its screening authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and its obligation to consider sua sponte requirements concerning subject matter jurisdiction, Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997), the Court orders Petitioner to show cause why this action should not be dismissed for lack of jurisdiction.

## II.
## DISCUSSION

**A.** **Legal Standard.**

Under § 2254 "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the "in custody" requirement of § 2254(a) is jurisdictional, the Court must consider it first. See Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (citing Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Id. The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that there be a restraint on the petitioner's liberty; the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Id. at 978-79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). In this case, because Petitioner is in physical custody of Respondent, this first aspect of the "in custody" requirement is not at issue.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition …."

The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 979-80. In other words, success on the claim must result in a change in the restraint on the petitioner's liberty. Id. at 980. "It is not enough for [a petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement." Id. Therefore, § 2254(a) does not confer jurisdiction over a challenge to a restitution order. Id. at 983; see also Heck v. Humphrey, 512 U.S. 477, 481-83 (1994) (habeas corpus claims that do not "call into question the lawfulness of the conviction or confinement," or challenge the fact or duration of the petitioner's custody, or "seek immediate or speedier release," are not cognizable under § 2254).

Alternatively, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

**B.   Analysis.**

In Ground One, Petitioner contends that the state of California is requiring him to twice pay restitution for the crime underlying his sentence. (Id. at 1-2.) Petitioner argues the trial court sentenced him to pay $8,888.04 in restitution (reduced to $5,688.04 on appeal), but that he paid $81,234.05 to the same recipient pursuant to the settlement entered in a wrongful death civil action. (Id. at 2.) Nevertheless, CDCR began withdrawing restitution funds from Petitioner's account in 2007. (Id.) Petitioner argues that, under California and federal law, his civil settlement nullified his obligation to pay the restitution imposed with his sentence.

(Id. at 2-3.)  Petitioner frames this as a violation of double jeopardy.  (Id. at 3.)

In Ground Two, Petitioner contends that he "is being forced to pay excess restitution on the basis of an ex post facto law."  (Id. at 3.)  Petitioner maintains that an "administrative bulletin"[2] was implemented in 2007, allowing CDCR to collect restitution funds from his prison account without the victim submitting a restitution application.  (Id. at 4.)

Petitioner does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254.  The Petition does not challenge any aspect of Petitioner's conviction; nor does it challenge the length of the sentence imposed for that conviction.  Rather, Petitioner's only complaint is the legality of the restitution withdrawals.  Even if Petitioner prevailed on these claims, he would not obtain early release from custody; instead, he would be entitled to only "the elimination or alteration of a money judgment" (and perhaps the return of funds already paid).  See Bailey, 599 F.3d at 981.  In the absence of any substantive challenge to Petitioner's conviction and sentence, the required "nexus" between the Petitioner's two grounds for relief and the unlawfulness of Petitioner's custody is lacking.  See id.

Because these claims do not affect the legality of Petitioners confinement, it

---

[2] Petitioner refers to this "administrative bulletin" as "AB 1505."  (Dkt. 1 at 4.)  The Court understands that Petitioner is referring to Assembly Bill 1505.  See 2006 Cal. Legis. Serv. Ch. 555 (A.B. 1505).  This bill, effective January 1, 2007, amended Cal. Penal Code § 2085.5 as follows: "Existing law prohibits deductions from being made from an inmate's wages and trust account for a restitution order if the victim has not filed an application with the Victim Compensation Program.  This bill would not require a victim to file an application with the Victim Compensation Program in order to receive money from the program."  Id.  This does not appear to change the fact that, under Cal. Penal Code § 1202.4(j), "Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained against the defendant arising out of the crime for which the defendant was convicted."

appears that this Court lacks subject matter jurisdiction over the action.[3]

## III.

## CONCLUSION

IT IS HEREBY ORDERED that, on or before May 30, 2019, Petitioner shall do one of the following: (1) show cause why the Petition should not be dismissed for lack of subject matter jurisdiction, or (2) submit a notice voluntarily dismissing this action. If Petitioner chooses the latter, then he may bring these claims as a § 1983 action.[4] The Clerk is directed to provide Petitioner with Form CV-66 for filing § 1983 complaints and Form CV-09 for voluntary dismissal.

---

[3] While this Court has limited discretion to convert a flawed habeas petition to a civil rights action, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), overruled on other grounds by Woodford v. Ngo, 548 U.S. 81 (2006), in this instance, converting the Petition to a § 1983 complaint would be improper in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters. For example, prisoner civil rights actions are subject to a $350 filing fee, as compared to the substantially lower $5 filing fee for habeas petitions. 28 U.S.C. § 1914(a). Additionally, unlike habeas actions, prisoners seeking to bring civil rights complaints are required to pay the full filing fee even if they qualify for in forma pauperis status. 28 U.S.C. § 1915(b)(1); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997). Finally, Petitioner has not indicated that he is willing to incur a potential "strike," within the meaning of 28 U.S.C. § 1915(g), should this action be converted to one brought under § 1983 and later be dismissed for failure to state a claim.

[4] Petitioner should bear in mind potential legal hurdles he faces if he brings these two claims in a § 1983 action. For Ground One (i.e., withdrawal of restitution funds, although restitution has already been paid), the Central District of California rejected an identical claim in Craft v. Grannis, 2010 WL 4796170 (C.D. Cal. Aug. 10, 2010); there, the court rejected the wrongful deduction of restitution funds as a violation of the Due Process Clause because "California law provides an adequate post-deprivation remedy for any property deprivations," and as a violation of the Excessive Fines Clause of the Eighth Amendment because the wrongful deduction was not intended to be punitive. Id. at *1-4.

For Ground Two (i.e., violation of the Ex Post Facto Clause through statutory

DATED: April 30, 2019

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

amendment enabling withdrawal), this claim might not succeed because the contested amendment does not appear to increase Petitioner's punishment (i.e., the amendment changes the withdrawal procedure for all CDCR inmates and does not function to increase their restitution amounts). See Carmell v. Texas, 529 U.S. 513, 522, 525 (2000) (Ex Post Facto violation occurs when a law "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."); Quarles v. Kane, 482 F.3d 1154 (9th Cir. 2007) (holding that statutory amendment increasing the permissible rate at which restitution payments could be collected from state prisoners did not "increase the amount of restitution" or impose additional punishment and thus does not violate the Ex Post Facto Clause); Vlasich v. S.D. Superior Ct., 325 F. App'x 610 (9th Cir. 2009) ("Dismissal of [plaintiff's] *ex post facto* claim was proper because the post-conviction amendments to California Penal Code § 2085.5 [i.e., the statute contested here] do not impose additional punishment on [plaintiff]."); U.S. v. Gianelli, 543 F.3d 1178, 1183 (9th Cir. 2008) (procedural changes, such as restitution "enforcement mechanism[s]," which do not "increase the penalty by which a crime is punishable" do not violate the Ex Post Facto Clause); compare Moyer v. Alameida, 184 F. App'x 633 (9th Cir. 2006) (plaintiff stated a colorable ex post facto claim by alleging that California law imposing 10 percent fee on prisoner restitution withdrawals was punitive because the law was passed to increase restitution revenue, not cover administrative costs).

The Court makes no definitive findings regarding Petitioner's potential § 1983 claims.